HARRY BURT *vs.* MODERN DYE & RUG WORKS, INC.

NOVEMBER 21, 1927.

PRESENT: Sweetland, C. J., Stearns, Rathbun, Sweeney, and Barrows, JJ.

(*1*)   *Corporations.   Assumption of Indebtedness.*

Plaintiff was a creditor of a copartnership, which was succeeded by another copartnership of which one of the original partners was a member and this in turn by a corporation, the certificate of incorporation being issued to the two persons composing the second copartnership and the wife of one of them.   There was no evidence of an express assumption of the debt due plaintiff or any other debt of either copartnership, and no evidence that the corporation paid anything on account of any debt of either copartnership.

There was no evidence as to what the original stockholders paid for their stock, or that the corporation issued stock in return for the assets of the second copartnership.   Plaintiff brought action against the corporation, and on above facts was non-suited.

*Held,* no error.

(*2*)   *Sales in Bulk.   Actions.*

Gen. Laws 1923, cap. 311, the Sales in Bulk Act gives to creditors no right of action against the purchaser in the event that the notice provided by the act is not given.

ASSUMPSIT.   Heard on exceptions of plaintiff and overruled.

RATHBUN, J.   This is an action in assumpsit brought in the Superior Court to recover from a corporation money loaned to a copartnership the assets of which were later

transferred to said corporation, and the case is before us on the plaintiff's exception to the granting of the defendant's motion for a nonsuit.

The money was loaned to George and Sarkis Deckmejian doing business as the Modern Dye and Rug Works. Thereafter Sarkis sold his interest in the business to George who continued to carry on the business. He apparently assumed the debts of the copartnership. Later George formed a new copartnership for the purpose of carrying on the same business with Carl H. Angell. There is evidence that before this copartnership was formed Carl and George, in a conversation with the plaintiff, expressed an intention that the new firm should assume the obligations of the old one, but what the final arrangement was does not appear. Still later George, Carl and his wife, Elizabeth Angell, secured a charter having the name Modern Dye and Rug Works, Inc. The books of account of the first partnership were apparently used successively by George and by George and Carl H. Angell. The corporation took over the tangible assets of the old concern consisting principally of machinery, office fixtures, trucks, etc., and perhaps the accounts receivable. Although there is no direct evidence that the accounts were taken over it does appear that for about two weeks, at least, the corporation continued the business at the same place and used the partnership books as the account books of the corporation. Within about two weeks after the charter was obtained the entry showing the indebtedness of the original copartnership to the plaintiff was torn from the books; lines were drawn beneath other accounts but what the lines signify does not appear.

It does not appear that there was any express undertaking to assume the obligations of either of the partnerships. Neither does it appear that the corporation paid any of the debts contracted by either of the copartnerships.

The plaintiff's contention is that the second copartnership impliedly assumed the indebtedness of the first and that the corporation by taking over the chief assets of the second

copartnership impliedly assumed its obligations, including the indebtedness to the plaintiff contracted by the first copartnership.

It is well settled, at least in most jurisdictions in this country, that a corporation can assume the indebtedness of a copartnership and thereby give to the creditors of the partnership a right of action against the corporation, 30 Cyc. 618; *Wood* v. *Moriarty*, 15 R. I. 518; and when co-partners merely incorporate their business by transferring all assets to a corporation and receive the stock of the cor-poration for such assets and the corporation pays no con-sideration for the partnership assets other than the stock which was issued to the copartners, it has been frequently held that the copartnership has merely taken on a corporate cloak and that, although there was no expressed assumption of liability for the debts of the old concern, the corporation had impliedly assumed the debts of the copartnership. See cases cited in Ann. Cas. 1912, D. 1278. It is equally clear that a copartnership may in good faith sell its assets free from debts and that a corporation acting in good faith may purchase the assets of a copartnership without becoming liable for the partnership obligations.

In the case before us the evidence is so meager that it is impossible to determine the class to which the transaction belongs. There was no suggestion that the corporation expressly assumed the debt due the plaintiff or any other debt of either of the copartnerships. It does not appear that the corporation has actually paid anything on account of the debt in question or any other debt of either copartner-ship. The certificate of incorporation was issued to the two persons comprising the second copartnership and the wife of one of them. Who became the original stockholders in the corporation or what they paid for their stock does not appear. It does not appear that the corporation issued stock in return for the assets of the second copartnership. Nothing was presented tending to show that the corporation did not pay to George Deckmejian and Carl H. Angell full

value for all assets received from them.    Even assuming that the second copartnership assumed the indebtedness of the first no presumption arises from the facts presented that the corporation assumed the obligations of the partnership which the corporation succeeded.

The Sales in Bulk Act, Chap. 311, G. L. 1923, simply provides that certain sales in bulk shall be void as to creditors unless the purchaser, five days before the transfer, gives notice of the intended purchase to the vendor's creditors, but the act gives to the creditors no right of action against the purchaser in the event that the notice is not given.

The plaintiff's exception is overruled and the case is remitted to the Superior Court with direction to enter judgment on the nonsuit.

*William A. Gunning,* for plaintiff.

No appearance for defendant.